IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEVEN CONE, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | CASE NO.  4:17-CV-001-ALM-KPJ |
| VORTENS, INC., SANITARIOS § | |
| LAMOSA S.A. DE C.V., and § | |
| PORCELANA CORONA DE MEXICO, § | |
| SA. DE C.V., § | |
| § | |
| Defendants. § | |

### ORDER

Before the Court is Plaintiffs' Motion to Sever (the "Motion to Sever") (Dkt. 220), wherein Plaintiffs seek to sever the 2011 Settlement Class (*see* Dkt. 191) from the remaining claims which are pending conditional certification (*see* Dkt. 194), and Plaintiffs' Motion for Hearing on Preliminary Approval of Class Action Settlement (the "Motion for Hearing") (Dkt. 221) (collectively, the "Motions"). Defendant Porcelana Corona de Mexico, S.A. de C.V. f/k/a Sanitarios Lamosa S.A. de C.V. a/k/a Vortens ("Defendant") filed a response in opposition to both Motions. Dkts. 223; 225. Upon consideration of the Motions, the responses thereto, and the record in this case, the Court finds the Motion to Sever (Dkt. 220) and the Motion for Hearing (Dkt. 221) are both **GRANTED**.

### I. BACKGROUND

The action arises from alleged manufacturing and/or marketing defects in certain ceramic Vortens toilet tanks. Plaintiffs' Second Amended Complaint and Class Action (Dkt. 74) is the operative complaint herein. The toilet tanks at issue were manufactured, designed, produced, and distributed by Sanitarios Lamosa, now known as Porcelana Corona. *See* Dkt. 74 at ¶¶ 16-17. As a

result of their claimed damages, Plaintiffs have alleged four causes of action against Defendant: (1) strict products liability; (2) breach of implied warranty; (3) negligence; and (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id*. at ¶¶ 119-157. Plaintiffs seek injunctive relief and monetary damages, including exemplary damages, treble damages under the DTPA, and attorneys' fees. *Id*. at ¶¶ 158-165.

Plaintiffs also seek to represent a putative class defined as all owners of Vortens toilet tank models #3464, #3412, #3404, #3425, and #3436, manufactured by Defendant between 2004-2012. *Id*. at ¶¶ 96-97. During mediation, the parties reached a partial settlement with respect to past and current owners of Vortens tank models #3412 and #3464, manufactured between January 1, 2011, through December 31, 2011, who previously expended funds to repair and replace tanks. *See* Dkt. 194 at 9. The parties further resolved claims brought by owners of tank models #3412 and/or #3464, manufactured between January 1, 2011, and December 31, 2011, providing relief to class members that incurred property damage other than to the product itself. *Id*. at 10. The parties' Joint Motion for Preliminary Approval of Class Action Settlement (Dkt. 191) with respect to the settled claims (the "2011 Settlement Class") is currently pending before the Court. The parties were unable to reach agreement regarding the remaining claims (the "Remaining Claims") (*see* Dkt. 188), and Plaintiffs' Second Motion for Class Certification (Dkt. 194) with respect to those Remaining Claims is currently pending before the Court.

## II.      DISCUSSION

The Motion to Sever represents that the 2011 Settlement resolves the claims on behalf of a distinct and severable subclass—owners of Vortens tank model #3412 and #3464 manufactured between January 1, 2011 through December 31, 2011. *See generally* Dkt. 220. Plaintiffs seek to sever the 2011 Settlement Class from the Remaining Claims (which are pending conditional certification) in order to expeditiously render final judgment with respect to those settled claims.

*Id*. at 2. Plaintiffs argue that severance is necessary to avoid delay or prejudice. *See id*. at 6 (citing *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995)). The sum of Defendant's argument opposing severance seems to be that it does not wish to increase the Court's burden by splitting one case in two. *See* Dkt. 223 at 4.

A court has broad discretion to sever claims under Federal Rule of Civil Procedure 21, which permits a court to "sever any claim against a party." FED. R. CIV. P. 21; *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). In considering whether to sever a claim under Rule 21, the court considers the following factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, 2012 WL 4442368, at *1 (N.D. Tex. 2012).

Upon consideration, the Court finds that the factors all weigh in favor of severance. While it is true there are common issues of law and fact, the record establishes that the proposed settlement of the 2011 Settlement Class resulted from a hard-fought battle involving "multiple trips to Mexico, visual and destructive inspections, expert testing, reports, party and expert depositions, class certification briefing, and multiple full-day mediation sessions," (Dkt. 220 at 4) and there is no overlap between the 2011 Settlement Class and the Remaining Claims (*id*. at 5). The Court also finds that judicial economy will be best served by severance. Although the severance will divide one case into two, it will allow the Court to focus its resources on the issues involved in resolving the 2011 Settlement Class claims separate from those pertaining to conditional class certification, and if necessary, a trial on the merits. The fourth factor, avoidance of prejudice, weighs heavily in favor of severance. The Court shares Plaintiffs' concern regarding

prejudice to the members of the 2011 Settlement Class arising from attempts—in some cases, successful attempts—by Defendant to secure releases from uninformed class members. The final factor, witnesses and documentary proof, also weighs in favor of severance. As noted above, the Second Motion for Class Certification (Dkt. 194) excludes the 2011 Settlement Class. A future trial on the merits as to either individual claims or upon certification of the Remaining Claims will not include the 2011 Settlement Class. Thus, there will be no overlap of witnesses and documentary proof.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that severing the case into two separate actions would allow the 2011 Settlement Class to move forward as a discrete, independent action upon which the Court may render a final judgment regardless of the unresolved claims in the severed suit. *See Texas Farmers Ins. Co. v. Louisiana-Pac. Corp.*, 321 F.R.D. 561, 563 (E.D. Tex. 2017).

**IT IS THEREFORE ORDERED** that the Motion to Sever (Dkt. 220) and the Motion for Hearing (Dkt. 221) are both **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall appear for oral argument on the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Dkt. 191) on **Tuesday, April 16, 2019, at 1:30 p.m.**

**IT IS FINALLY ORDERED** that the Clerk of Court shall sever this action into two separate suits. This Order, and the following docket entries from the existing action shall be transferred to the newly-created action:

1. Plaintiffs' Second Amended Complaint and Class Action (Dkt. 74);
2. Joint Motion for Preliminary Approval of Class Action Settlement (Dkt. 191);
3. Plaintiffs' Motion for Hearing on Preliminary Approval of Class Action Settlement (Dkt. 221); and

4.  Defendant's response to the Motion for Hearing (Dkt. 225).

**IT IS SO ORDERED**.

**SIGNED this 2nd day of April, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE