IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN CONE, ET AL., | § § § § | |
| Plaintiffs, | | |
| v. | § § § | Case No. 4:17-CV-001-ALM-KPJ |
| VORTENS, INC., SANITARIOS LAMOSA S.A. DE C.V. and PORCELANA CORONA DE MEXICO, SA. DE C.V., | § § § § § | |
| Defendant. | § § | |
| MARK AND AMBER FESSLER, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Case No. 4:19-CV-248-ALM-KPJ |
| VORTENS, INC., SANITARIOS LAMOSA S.A. DE C.V. and PORCELANA CORONA DE MEXICO, SA. DE C.V., | § § § § § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, the matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 25, 2019, the report of the Magistrate Judge (the "Report") (Dkt. #11) was entered, containing proposed findings of fact and recommendations that the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support ("Motion for Preliminary Approval") (Case No. 4:17-CV-001, Dkt. #191, and Case No. 4:19-CV-248, Dkt. #3) be granted. *See* Dkt. #11.

Having received the Report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of

the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## I. BACKGROUND

The action arises from alleged manufacturing and/or marketing defects in certain ceramic Vortens toilet tanks. Plaintiffs' Second Amended Complaint and Class Action (Dkt. #74) is the operative complaint herein. The toilet tanks at issue were manufactured, designed, produced, and distributed by Sanitarios Lamosa, now known as Porcelana Corona. *See* Case No. 4:17-CV-001, Dkt. #74 at ¶¶ 16-17. As a result of their claimed damages, Plaintiffs have alleged four causes of action against Defendant: (1) strict products liability; (2) breach of implied warranty; (3) negligence; and (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id*. at ¶¶ 119-157. Plaintiffs seek injunctive relief and monetary damages against Defendant, including exemplary damages, treble damages under the Texas DTPA, and attorneys' fees. *Id*. at ¶¶ 158-165.

Plaintiffs also seek to represent a putative class defined as all owners of Vortens toilet tank models #3464, #3412, #3404, #3425, and #3436 manufactured by Defendant between 2004-2012. *Id*. at ¶¶ 96-97. After a mediation conference on August 28, 2018, the parties reached a partial settlement with respect to past and current owners of Vortens tank model #3412 and #3464 manufactured between January 1, 2011, through December 31, 2011, who previously expended funds to repair and replace tanks. *See* Case No. 4:17-CV-001, Dkt. #194 at 9. However, no agreement was reached regarding tank owners that experienced property damage as a result of a cracked 2011 tank, or as to tanks manufactured in years other than 2011, or as to any other tank models. After a mediation conference on October 16, 2018, the parties further resolved claims brought by owners of tank models #3412 and/or #3464 manufactured between January 1, 2011, and December 31, 2011, providing relief to class members that incurred property damage other

than to the product itself. *Id*. at 10. The parties were unable to reach agreement regarding the remaining claims (*see* Dkt. #188), and Plaintiffs' Second Motion for Class Certification (Dkt. #194) with respect to those remaining claims is currently pending before the Court.

In the pending Motion for Preliminary Approval, the parties seek Preliminary Approval of a proposed partial class action settlement comprised of owners of tank models #3412 and/or #3464, manufactured between January 1, 2011, and December 31, 2011 (the "2011 Settlement"). *See id*. at 10. On April 2, 2019, the Court entered an order severing the claims in the 2011 Settlement, from the remaining claims which are pending conditional certification (the "April 2 Order") (4:17-CV-001, Dkt. 229, and Case No. 4:19-CV-248, Dkt. 2).

Following entry of the Magistrate Judge's Report, the parties filed a Joint Notice of Waiver of Written Objections to the Magistrate Judge's Report and Recommendation Regarding the preliminary Approval of Settlement Agreement (the "Joint Notice of Waiver") (Dkt. #12). In the Joint Notice of Waiver, all parties waived the fourteen-day objection period pursuant to 28 U.S.C. § 636(b)(1)(C). *See* Dkt. 12 at 2.

## II. <u>DISCUSSION</u>

The Court hereby **GRANTS** preliminary approval of the Stipulated Settlement (Dkt. #7-2), as the Court finds the terms fair, reasonable and adequate. Unless otherwise indicated, capitalized terms used herein shall have the same meaning as in the Stipulated Settlement.

For settlement purposes only, the Court preliminarily finds that the proposed class as stated in the Stipulated Settlement meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure for class certification, including numerosity, commonality, and typicality; predominance of common issues and superiority for the 2011 Damages Settlement Class (see below) pursuant to Rule 23(b)(3); specificity of declaratory relief for class members harmed in

essentially the same way pursuant to Rule 23(b)(2); and that the 2011 Class Representatives and Class Counsel are adequate representatives of the 2011 Settlement Class.

The Court preliminarily finds the Stipulated Settlement appears to be the product of serious, informed, non-collusive negotiations conducted at arms-length and over the course of multiple formal mediations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible judicial approval.

### A. CLASS CERTIFICATION

The Court provisionally certifies this matter as a class action, for the purposes of settlement only, of the claims asserted on behalf of certain owners of Affected Toilet Tanks manufactured in 2011 as identified below, pursuant to Rule 23 of the Federal Rules of Civil Procedure, which class is defined as follows:

> ***All owners of Vortens toilet tank models #3464 or #3412 manufactured between January 1, 2011 - December 31, 2011.***

This Class Definition is further refined pursuant to the following relief eligibility:

> "Replacement and Installation Subclass:" *All owners of a Vortens tank model #3412 or #3464 manufactured between January 1, 2011 and December 31, 2011 that (1) have not cracked; or (2) experienced a crack from which no other property damage occurred.*

> "Damages Subclass:" *All owners of a Vortens tank model #3412 or #3464 manufactured between January 1, 2011 and December 31, 2011 that fractured between date of manufacture and present (date of certification) and resulted in property damages.*

The following persons and/or entities are expressly excluded from the 2011 Settlement Class:

- Persons and/or entities who timely opt out of this proceeding using the correct protocol for opting out as set forth below;

- Persons and/or entities who have settled or otherwise resolved claims against the Defendant arising out of or in connection with individual water or flooding

damages alleged to be caused by a fractured tank of one of the relevant models, to the extent of the resolution of those claims;

- Any and all federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and

- Any currently sitting federal judge and/or justice in the current style action and/or any persons within the third degree of consanguinity to such judge and/or justice.

**Class Representatives and Class Counsel.** With respect to the 2011 Class Representatives, the Court finds that Plaintiffs Charles and Michelle Handly (the "Handly Plaintiffs") and Kevin Reuss ("Reuss") are adequate representatives of the 2011 Settlement Class and they are hereby appointed as representatives of the proposed 2011 Settlement Class. The Court also finds that the proposed Service Award to each 2011 Class Representative is reasonable and therefore approves the proposed Service Award. With respect to Class Counsel, the Court appoints N. Scott Carpenter, Esq., and Rebecca Bell-Stanton, Esq., of Carpenter & Schumacher, 2701 N. Dallas Parkway, Suite 570, Plano, Texas 75093, as Class Counsel pursuant to Fed. R. Civ. P. 23(g) to represent the interests of the proposed 2011 Settlement Class.

The Court finds that, for purposes of settlement only, the requirements of Fed. R. Civ. P. 23 are met by the 2011 Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among 2011 Settlement Class Members' claims regarding whether the identified tank models manufactured in 2011 suffer from a manufacturing defect that results in spontaneous failure or otherwise affects the expected lifespan of the product.

The Court further finds the 2011 Class Representatives claims are typical of those of the Settlement Class, in that: (i) the interests of the Handly Plaintiffs and Plaintiff Reuss are typical of those of the 2011 Settlement Class; (ii) there are no apparent conflicts between or among the Handly Plaintiffs and Plaintiff Reuss and the members of the 2011 Settlement Class; (iii) the

5

Handly Plaintiffs and Plaintiff Reuss have been and are capable of continuing to be active participants both in the prosecution of, and the negotiations to settle this Action; and (iv) the Handly Plaintiffs and Plaintiff Reuss and the 2011 Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving defective products.

In accordance with the Supreme Court's holding in *Amchem Prods v. Windsor*, 521 U.S. 591, 620 (1997), the Court need not address whether this case, if tried, would present issues of manageability under Fed. R. Civ. P. 23(b)(3)(D). Finally, a class action settlement is superior to other available methods for a fair resolution of the controversy.

Certification of the "Replacement and Installation Subclass" is preliminarily approved for Declaration and Enforcement of the 2011 Replacement and Installation Program described in the Stipulated Settlement and Supplementation to the Joint Motion pursuant to Rule 23(b)(2). Certification of the "Damages Subclass" is preliminarily approved pursuant to Rule 23(b)(3).

This Certification of the 2011 Settlement Class and its component parts of requested relief shall be solely for settlement purposes and without prejudice to the Parties if the Stipulated Settlement is not finally approved by this Court or otherwise does not take effect.

**B. NOTICE OF POTENTIAL SETTLEMENT TO CLASS MEMBERS**

The Court has reviewed the Notice Plan and procedure for disseminating notice of the proposed settlement to the 2011 Settlement Class as set forth in the Stipulated Settlement and hereby approves the Notice Plan. The Court finds that the Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise 2011 Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the 2011 Settlement Class in full compliance

with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.

In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified 2011 Settlement Class; (iii) the claims and issues of the 2011 Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).

As set forth in the Stipulated Settlement (Dkt. 7-2), Settlement Administration, which includes the costs and expenses incurred in providing notice to the 2011 Settlement Class in addition to claims administration, shall be paid by the Defendant. Class Counsel are awarded reasonable costs incurred in the prosecution of the Action and pursuit of this Settlement and must timely file sufficient proof of such costs in accordance with the Deadlines assigned below. Class Counsel are furthermore required to submit proper Application for payment of attorneys' fees in accordance with the terms of the Stipulated Settlement in a timely manner as provided herein.

### C. **RETENTION OF SETTLEMENT ADMINISTRATOR AND NOTICE PLAN**

The Court authorizes the Parties to retain Epiq to effectuate the Notice Plan as the Notice Provider and further as the Claims Administrator. Epiq shall provide all the following forms of Notice within twenty-one (21) days of this order ("Notice Date"):

- *Direct Mail Notice*. A copy of the Notice of Proposed Settlement of Class Action substantially in the form attached to the Joint Supplementation as Exhibit B (the "Class Notice"), together with the Claim Form substantially in the form also attached to the Supplement as Exhibit B, and this Order, shall be mailed to all reasonably identifiable 2011 Settlement Class Members and persons or entities listed in the agreed industry Mailing Lists.

- *Published Notice.* A copy of the Summary Notice substantially in the form attached to the Supplement as Exhibit B shall be published in a Consumer Print Publication (*People*), Trade Publications (*Buildings*, *Contractor*, *PHC News*, and *Plumbing &Mechanical*), and local newsprint (*Houston Chronicle*).

- *National Press Release.* Issue a joint press release on *PR Newswire's* national wire, reaching approximately 5,500 media outlets and 5,400 websites. The release will discuss the Settlement and provide the address for the Settlement Website where information can be obtained and downloaded. A second National Press Release will be issued forty-five (45) days prior to the hearing for Final Approval.

- *Internet Notice.* Banner ads to appear on leading networks, including National Online Banners (*Google Display Network*), Local DMA Banners (*Google Display Network* and *Facebook*), and State-Wide Banners (*Facebook*).

- *Website Notice.* A copy of the Notice of Proposed Settlement of Class Action will be posted and available for download on a Settlement Website. This information is to remain available on the Internet until the last day of the eighteen-month Claims Period.

The Notice Provider shall provide a Certificate Statement of Substantial Completion of the initial launch of the Notice Plan thirty (30) days after the Notice Date.

### D. **FINAL APPROVAL HEARING**

At or before the Final Approval Hearing, the Notice Provider shall file with the Court documentation showing, and an affidavit attesting, that the Notice Plan was executed in accordance with these standards.

No later than forty-five (45) days after Preliminary Approval, Class Counsel shall file with the Court and post on the Settlement Website their application for payment of attorneys' fees and expenses ("**Application Deadline**"). This filing may be updated no later than ten (10) days prior to the Final Fairness Hearing.

No later than 110 days after Preliminary Approval, the Court will schedule a hearing (the "Final Approval Hearing") to consider whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the 2011 Settlement on the terms set forth in the Stipulated Settlement should be approved as fair, reasonable, adequate, and in the best

interests of the 2011 Settlement Class Members; whether Class Counsel's fee and expense application, included as part of the settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all 2011 Settlement Class Members should be entered. The Final Fairness Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely valid objections and requested to speak at the fairness hearing), be continued or adjourned by order of the Court.

### E. **OBJECTIONS**

Any 2011 Settlement Class Member who complies with the requirements of this section may object to any aspect of the proposed settlement either on their own or through an attorney hired at their expense. Any 2011 Settlement Class Member who intends to object to the proposed settlement must do so no later than sixty (60) days after the Notice Date ("Objection Deadline").

Objections by any 2011 Settlement Class Member may be made to: (A) the certification of the 2011 Settlement Class and the proposed settlement contained in the Agreement and described in the Settlement Notice; (B) the payment of fees and expenses to Class Counsel or Service Awards to the Class Representatives; and/or (C) entry of the Final Judgment.

To exercise this objection right, the 2011 Settlement Class Member must provide notice to the Settlement Administrator (Epiq | Hilsoft Notifications) and written notice of the objection via first class mail, to Class Counsel and Counsel for Defendant, by the Objection Deadline. The objection must bear the signature of the 2011 Settlement Class Member (even if represented by counsel) with the date signed and must specify:

1. the name of the Class Action;
2. the 2011 Settlement Class Member's current address, telephone number and email address;

3. whether, as of the date of the objection, the 2011 Settlement Class Member owns a residence or structure or formerly owned a residence or other structure containing an Affected Toilet Tank, or otherwise suffered damages as a result of the failure of an Affected Toilet Tank;

4. the address of the property that may contain or contained an Affected Toilet Tank and, if different, the address where the 2011 Settlement Class Member suffered damages from a failed Affected Toilet Tank;

5. proof that the objector's residence or structure contains an Affected Toilet Tank or otherwise suffered damages caused by the failure of an Affected Toilet Tank (photographs, contemporaneous installation records, etc.);

6. the exact nature of the objection, the facts underlying, and legal authority supporting, the objection, and whether or not the 2011 Settlement Class Member intends to appear at the Final Fairness Hearing; and

7. all evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that the 2011 Settlement Class Member wants the Court to consider in support of the objection.

If the 2011 Settlement Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member. If a 2011 Settlement Class Member or counsel for the Settlement Class Member has objected to a class action settlement on any prior occasions, the Objection shall disclose all cases in which they have filed an objection by caption, court and case number.

### F. OPT-OUTS

Any 2011 Settlement Class Member may request to be excluded (or "opt out") from the 2011 Damages Settlement Class. A Settlement Class Member who wishes to opt out of the Damages Settlement Class must do so not later than forty-five days (45) days after the Notice Date ("**Opt-Out Deadline**"). To exercise this opt-out right, a 2011 Settlement Class Member must send written notification of the decision to request exclusion by completing an Opt-Out Form, which may simply be in the form of a letter so long as it provides all of the required information. The Opt-Out Form shall be sent via first class mail to the Claims Administrator with courtesy copies to Class Counsel and Counsel for Defendant. Opt-Out Forms must be submitted by individual

Settlement Class Members and will not be valid if submitted in the aggregate or on behalf of a purported class, except that joint owners of the same structure may opt out on the same form.

To be valid, Opt-Out Forms must be received by the Claims Administrator and/or postmarked on or before the Opt-Out Deadline and approved by the Court. The Opt-Out Form must bear the signature of the 2011 Settlement Class Member and include: (i) a specific request to opt out of the litigation; (ii) the Settlement Class Member's name, current address, telephone number, and email address; (iii) proof of membership in the 2011 Damages Settlement Class; (iv) the approximate date the Affected Toilet Tank failed and caused property damage; (v) an estimate of the amount of damages, if any, that the Class Member sustained as the result of the alleged failure of an Affected Toilet Tank; and (vi) the identity of the lawsuit or other proceeding previously filed by the 2011 Damages Settlement Class Member involving the failed Toilet Tank, if any. If the 2011 Damages Settlement Class Member is represented by separate counsel, the Opt-Out Form shall also be signed by the attorney who represents the Settlement Class Member.

Except for those 2011 Damages s Members who have properly filed a timely written Opt-Out Form (and all other Excluded Persons), all Persons who meet the definition of a 2011 Settlement Class Member will be deemed 2011 Settlement Class Members for all purposes of the Class Action Settlement.

Any Class Member who has not properly filed a timely written Opt-Out Form shall be bound by the terms of Settlement and by all subsequent proceedings, orders, and judgments issued by the Court. Any Settlement Class Member who elects to opt out of the Settlement Class pursuant shall not be entitled to relief under or be affected by the Settlement.

Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Stipulated Settlement.

The Names of all Settlement Class Members who properly requested exclusion shall be attached as an exhibit to any Final Order and Judgment.

### G. INJUNCTION

The Court hereby enjoins all 2011 Settlement Class Members, and all Persons that can pursue or are entitled to pursue an action in the name or right of a 2011 Settlement Class Member, from commencing, maintaining, continuing and/or prosecuting any action asserting any claims that fall within the scope of the Released Claims (as defined in the Stipulated Settlement) until the entry of the Final Order and Judgment, unless such Person has validly opted out of this settlement and Agreement and the Court has approved such opt-out.

### H. NO ADMISSION OF LIABILITY

The Stipulated Settlement and any order granting preliminary approval are not admissions of liability or fault by Defendant or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendant. The Stipulated Settlement is not a concession by the Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings to establish any liability of, or admission by, Defendant. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Stipulated Settlement or this Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

### I. SUMMARY OF DEADLINES

In Accordance with the Stipulated Settlement and exhibits attached thereto, the preliminarily approved 2011 Settlement shall be administered according to its terms pending the

Final Approval Hearing. Deadlines arising under the Stipulated Settlement and include but are not limited to:

1. The Notice Plan shall be initiated within twenty-one (21) days after Preliminary Approval ("Notice Date").

2. Class Counsel shall file with the Court and post on the Settlement Website their application for payment of attorneys' fees and proof of expenses within forty-five (45) after Preliminary Approval ("Application Deadline").

3. All Opt-Out Forms requesting exclusion from the 2011 Settlement Class must be postmarked and sent to the Claims Administrator, Class Counsel and Counsel for the Defendant within forty-five (45) days of the Notice Date ("Opt-Out Deadline").

4. All Objections to the Settlement must be filed with the Court and sent to the Claims Administrator, Class Counsel and Counsel for the Defendant within sixty (60) days of the Notice Date ("Objection Deadline"). Objecting individuals must make themselves available for deposition in their county of residence within ten (10) days of the service of the Objection.

5. No later than fifteen (15) days prior to the Final Approval Hearing, the Parties shall file all papers in support of the application for final approval of the settlement and/or opposition to any timely Objections received.

6. A Final Fairness Hearing shall be scheduled within approximately one-hundred and ten (110) days after Preliminary Approval, or as the Court's schedule permits.

The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website referred to in the Notice, and the parties shall not be required to re-send or republish the Notice.

### III.  CONCLUSION

Based on the foregoing, the Motion for Preliminary Approval (Case No. 4:17-CV-001, Dkt. #191, and Case No. 4:19-CV-248, Dkt. #3) is hereby **GRANTED**, and the 2011 Settlement Class is preliminarily approved as set forth above.

**IT IS SO ORDERED.**

**SIGNED this 3rd day of May, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE