**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KEVIN REUSS and CHARLES AND MICHELLE HANDLY on Behalf of Themselves and Those Similarly Situated *Plaintiffs* v. PORCELANA CORONA DE MÉXICO, S.A. DE C.V. f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a Vortens *Defendant*. | § § § § § § § § § § § § | Civil Action File No. 4:19-cv-00248-ALM-KPJ Hon. Judge Amos Mazzant/ Hon. Magistrate Judge Priest-Johnson |

**ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is the Parties' Joint Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") in Case No. 4:19-CV-248 (Dkt. #32). The Court is of the opinion that the Parties' Motion should be granted, and the class Settlement be approved.

The background, procedural history, and Settlement terms were summarized in the Court's Memorandum Adopting Report and Recommendation of United States Magistrate Judge in Case No. 4:17-CV-1 (Dkt. #234), which granted Preliminary Approval of Class Settlement. In brief, the partial Class Settlement provides options for cash reimbursement and replacement of toilet tanks, as well as a warranty extension. The cash payments depend on the remedy selected, but generally range from $150.00 to $4,000.00. Eligible class members electing not to make a claim in the Settlement class action will have their warranties extended to December 31, 2021.

A separate Judgment consistent with this Order will issue pursuant to Fed. R. Civ. P. 58.

## DISCUSSION

Unless otherwise indicated, capitalized terms used herein shall have the same meaning as in the Stipulated Settlement.

For settlement purposes only, the Court finds that the class as stated in the Settlement meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure for class certification, including numerosity, commonality, and typicality; predominance of common issues and superiority for the 2011 Damages Settlement Class (*see below*) pursuant to Rule 23(b)(3); specificity of declaratory relief for class members harmed in essentially the same way pursuant to Rule 23(b)(2); and that the 2011 Class Representatives and Class Counsel are adequate representatives of the 2011 Settlement Class.

The Court finds the Settlement appears to be the product of serious, informed, non-collusive negotiations conducted at arms-length and over the course of multiple formal mediations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of judicial approval.

## CLASS CERTIFICATION

A hearing was held on August 29, 2019, during which time this Court heard argument on the Joint Motion for Final Approval of Class Action Settlement. The Court had previously entered an Order of Preliminary Approval appointing Class Counsel, approving notice to the Class, establishing deadlines for objections, certifying the Class and preliminarily approving the Settlement Agreement. Having considered the written submissions of the parties and noting the absence of objections by any Class Member, and having held a final fairness hearing and considered the evidence and argument offered at the final fairness hearing, it is hereby **ORDERED** that the Class is finally certified and the Settlement is finally approved.

The Court certifies this matter as a class action, for the purposes of settlement only, of the claims asserted on behalf of certain owners of affected toilet tanks manufactured in 2011 pursuant to Rule 23 of the Federal Rules of Civil Procedure, which class is defined as follows:

***All owners of Vortens toilet tank models #3464 or #3412 manufactured between January 1, 2011 - December 31, 2011***.

This Class Definition is further refined pursuant to the following relief eligibility:

"Replacement and Installation Subclass:" *All owners of a Vortens tank model #3412 or #3464 manufactured between January 1, 2011 and December 31, 2011 that (1) have not cracked; or (2) experienced a crack from which no other property damage occurred.*

"Damages Subclass:" *All owners of a Vortens tank model #3412 or #3464 manufactured between January 1, 2011 and December 31, 2011 that fractured between date of manufacture and present (date of certification) and resulted in property damages.*

The following persons and/or entities are expressly excluded from the 2011 Settlement Class:

- Persons and/or entities who timely opt out of this proceeding using the correct protocol for opting out as set forth below;

- Persons and/or entities who have settled or otherwise resolved claims against the Defendant arising out of or in connection with individual water or flooding damages alleged to be caused by a fractured tank of one of the relevant models, to the extent of the resolution of those claims;

- Any and all federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and

- Any currently sitting federal judge and/or justice in the current style action and/or any persons within the third degree of consanguinity to such judge and/or justice.

**Class Representatives and Class Counsel**

With respect to the 2011 Class Representatives, the Court finds that Plaintiffs Charles and Michelle Handly (the "Handly Plaintiffs") and Kevin Reuss ("Reuss") are adequate representatives of the 2011 Settlement Class and they are hereby appointed as representatives of

3

the 2011 Settlement Class. The Court also finds that the proposed Service Award ($7,500.00 to the Handly Plaintiffs and $7,500.00 to Reuss) is reasonable and therefore approves the Service Awards. With respect to Class Counsel, the Court appoints N. Scott Carpenter, Esq., and Rebecca Bell-Stanton, Esq., of Carpenter & Schumacher, P.C., 2701 N. Dallas Parkway, Suite 570, Plano, Texas 75093, pursuant to Fed. R. Civ. P. 23(g) to represent the interests of the 2011 Settlement Class.

The Court finds that, for purposes of settlement only, the requirements of Fed. R. Civ. P. 23 are met by the 2011 Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among 2011 Settlement Class Members' claims regarding whether the identified tank models manufactured in 2011 suffer from a manufacturing defect that results in spontaneous failure or otherwise affects the expected lifespan of the product.

The Court further finds the 2011 Class Representatives claims are typical of those of the Settlement Class, in that: (i) the interests of the Handly Plaintiffs and Plaintiff Reuss are typical of those of the 2011 Settlement Class; (ii) there are no apparent conflicts between or among the Handly Plaintiffs and Plaintiff Reuss and the members of the 2011 Settlement Class; (iii) the Handly Plaintiffs and Plaintiff Reuss have been and are capable of continuing to be active participants both in the prosecution of, and the negotiations to settle this Action; and (iv) the Handly Plaintiffs and Plaintiff Reuss and the 2011 Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving defective products.

In accordance with the Supreme Court's holding in *Amchem Prods v. Windsor*, 521 U.S. 591, 620 (1997), the Court need not address whether this case, if tried, would present issues of

manageability under Fed. R. Civ. P. 23(b)(3)(D). Finally, a class action settlement is superior to other available methods for a fair resolution of the controversy.

Certification of the "Replacement and Installation Subclass" is approved for Declaration and Enforcement of the 2011 Replacement and Installation Program described in the Stipulated Settlement and Supplementation to the Joint Motion pursuant to Rule 23(b)(2) summarized and further clarified as follows:

(1) class members residing within designated geographical "zones" may obtain replacement product being made available at approved distribution locations upon proof of tank ownership. Eligible class members will receive an up-front cash payment of $100 for the first tank and $25 per additional replacement tank to defray out-of-pocket expenditures incurred for installation. In the event installation expenditures exceed the initial cash payment, class members may submit proof of the actual costs incurred and receive full reimbursement of the difference between the cash payment and final cost not to exceed $300 per eligible tank;

(2) class members not residing within the designated zones are eligible to receive for reimbursement for the replacement of affected tanks upon proof of affected tank ownership and proof of incurred replacement expenses, but such reimbursement shall not exceed $300 per eligible tank.

(3) class members not residing within the designated zones are eligible for reimbursement for the prior replacement of affected tanks upon declaration of replacement and acceptable proof of affected tank ownership as defined in the Settlement, but such reimbursement shall not exceed $150 per eligible tank.

(4) the manufacturer's original warranty is extended to December 31, 2021 for all affected tanks as defined in the Stipulated Settlement and Supplementation to the Joint Motion.

The full terms of the Settlement Benefit are detailed in the Stipulated Settlement and Supplementation to the Joint Motion. (Dkt. #7, Exhibit 2).

Certification of the "Damages Subclass" is approved pursuant to Rule 23(b)(3) as described in the Stipulated Settlement and Supplementation to the Joint Motion.

**This Certification of the 2011 Settlement Class and its component parts of requested relief**

**shall be solely for settlement purposes.**

**Notice of Potential Settlement to Class Members**

The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.

In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified 2011 Settlement Class; (iii) the claims and issues of the 2011 Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).

As set forth in the Stipulated Settlement (Dkt. #7, Exhibit 2), Settlement Administration, which includes the costs and expenses incurred in providing notice to the 2011 Settlement Class in addition to claims administration, were paid by the Defendant, and Defendant shall remain responsible for administration costs until such time as the Claims Period concludes.

The determination of Class Counsel's reasonable fees and costs incurred in the prosecution of the Action, are addressed in a separate memorandum and order.

**Settlement Administrator and Notice**

The Court has reviewed Epiq's Notice Plan, its implementation, and the resulting

claims activity.  The Notice Plan went into effect on May 16, 2019, and included:

- *Direct Mail Notice*. A copy of the Notice of Proposed Settlement of Class Action substantially in the form attached to the Joint Supplementation as Exhibit B (the "Class Notice"), together with the Claim Form substantially in the form also attached to the Supplement as Exhibit B was mailed to all reasonably identifiable 2011 Settlement Class Members and persons or entities listed in the agreed industry Mailing Lists.

- *Published Notice*. A copy of the Summary Notice substantially in the form attached to the Supplement as Exhibit B was published in a Consumer Print Publication (*People*), Trade Publications (*Buildings*, *Contractor*, *PHC News*, and *Plumbing & Mechanical*), and local newsprint (*Houston Chronicle*).

- *National Press Release.* A joint press release was issued on *PR Newswire's* national wire, reaching approximately 5,500 media outlets and 5,400 websites. The release discussed the Settlement and provided the address for the Settlement Website where information was obtained and downloaded. A second National Press Release was issued on July 15, 2019, forty-five (45) days prior to the hearing for Final Approval.

- *Internet Notice.* Banner ads appeared on leading networks, including National Online Banners (*Google Display Network*), Local DMA Banners (*Google Display Network* and *Facebook*), and State-Wide Banners (*Facebook*).

- *Website Notice*. A copy of the Notice of Proposed Settlement of Class Action was posted and is available for download on a Settlement Website. This information is to remain available on the Internet until the last day of the eighteen-month Claims Period (November 16, 2020).

The Notice Provider provided a declaration certifying substantial completion of the initial launch of the Notice Plan on June 27, 2019 (Dkt. #22, Exhibit 1). This declaration also showed that the Notice Plan was executed in accordance with these standards.  A supplemental declaration certifying compliance with the Preliminary Order of this Court was thereafter provided on August 14, 2019 (Dkt. #32, Exhibit 1), which confirmed completion of the Notice Plan and noted ongoing claims administration.

One 2011 Settlement Class Member elected to out of the Settlement, and there were no objections to the settlement.

The Court finds that the Settlement on the terms set forth in the Stipulated Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court further finds that Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all 2011 Settlement Class Members should be entered.

All Persons who meet the definition of a 2011 Settlement Class Member are deemed 2011 Settlement Class Members for all purposes of the Settlement.  All class members are bound by the terms of Settlement and by all subsequent proceedings, orders, and judgments issued by the Court.

## **PERMANENT INJUNCTION**

The releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects and are effective as of the Effective Date.  Each Settlement Class Member, whether such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Order, including, without limitation, the release of claims as set forth in the Stipulation. This injunction shall not apply to the Class Member[1] who opted out of the settlement.

The Court hereby permanently bars and enjoins the Class Representatives and Settlement Class Members, and all Persons as defined in the Settlement Agreement (Dkt. #7, Exhibit 2) preliminarily approved by this Court (Dkt. #11; Dkt. #13) from asserting, filing, maintaining, or prosecuting any of the Released Claims as those terms are used and defined in the Stipulated Settlement. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

---

[1] Eric and Kristen Simmons submitted incomplete opt-out information to Epiq but are deemed to have successfully opted out of the Settlement.

## NO ADMISSION OF LIABILITY

The Stipulated Settlement and any Order granting approval are not admissions of liability or fault by Defendant or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendant. The Stipulated Settlement is not a concession of liability by the Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings to establish any liability of, or admission by, Defendant. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Stipulated Settlement or this Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

## CONCLUSION

Based on the foregoing, the Motion for Final Approval in Case No. 4:19-CV-248, Dkt. # 32) is hereby **GRANTED**, and the 2011 Settlement Class is finally approved as set forth above. The Court will separately render its Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all 2011 Settlement Class Members.

**IT IS SO ORDERED.**
**SIGNED this 30th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

9