IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK AND AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, MATTHEW CARRERAS, CHARLES AND MICHELLE HANDLY, AARON AND STACEY STONE, and DANIEL AND SHARON SOUSA, on Behalf of Themselves and Those Similarly Situated<br>    *Plaintiffs*<br><br>v.<br><br>PORCELANA CORONA DE MÉXICO, S.A. DE C.V f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a Vortens<br>    *Defendant*. | §§§§§§§§§§§§§§ | Civil Action File No.<br>4:19-cv-00248<br><br>Honorable Judge Amos Mazzant |

**FINAL ORDER AND JUDGMENT**

**WHEREAS**:

A.     On January 1, 2017, STEVEN AND JOANNA CONE filed their Original Complaint and Class Action on behalf of Themselves and those similarly situated against SANITARIOS LAMOSA S.A. DE C.V. and VORTENS, INC. [Cause No. 4:17-cv-00001; Dkt. 1]. Plaintiffs alleged manufacturing defects affecting toilet tanks manufactured, marketed and distributed by Defendants causes such tanks to spontaneously crack, causing damage both to real and personal property. Plaintiffs argued that these spontaneous failures occur because same were manufactured out-of-industry-specification; the result of these manufacturing errors resulted in defective toilet tanks that contain internal stresses in the ceramic construction leading to crack propagation, which affects the lifespan of the product and risks sudden tank failure.

B. On March 27, 2017, STEVEN AND JOANNA CONE, MICHAEL AND KIMBERLY AFTOSMES, MARK AND AMBER FESSLER, ANDREW HOCKER AND KEVIN REUSS filed Plaintiffs' First Amended Complaint and Class Action on behalf of Themselves and others Similarly Situated [Cause No. 4:17-cv-00001; Dkt. 4];

C. The Answer to Plaintiffs' Amended Complaint was filed by PORCELANA CORONA DE MEXICO, S.A. DE C.V. f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a VORTENS, INC. ("Porcelana") on May 26, 2017 [Cause No. 4:17-cv-00001; Dkt. 16]. Porcelana denied all claims and allegations in the lawsuit and noted that the toilet tanks were manufactured by Sanitarios Lamosa, S.A. de C.V. at a time when different equipment and procedures were in use. Porcelana asserted that the toilet tanks are not defective in any respect, that the failure rate is very low and that any failures are the result of other factors (such as improper installation or misuse) and maintained that manufacturing defect allegations are not often or easily susceptible to class treatment because each individual product must be tested to determine the cause of failure. [Cause No. 4:17-cv-00001; Dkt. 16];

D. Plaintiffs CHARLES AND MICHELLE HANDLY, DANIEL AND SHARON SOUSA, and AARON AND STACEY STONE joined the litigation as Named Plaintiffs on November 30, 2017. [Cause No. 4:17-cv-00001; Dkt. 55]. Plaintiffs' Second Amended Complaint and Class Action [Cause No. 4:17-cv-00001; Dkt. 74],[1] was deemed filed as of February 14, 2018, and Plaintiffs filed a Motion for Class Certification on April 30, 2018. [Cause No. 4:17-cv-00001; Dkt. 111];

---

[1] Plaintiffs' Second Amended Complaint is docketed in this severed action [Cause No. 4:19-cv-000248] as Docket No. 1, pursuant to the April 2, 2019 Order granting severance and division of case designations. [Cause No. 4:19-cv-000248, Dkt. 2]

E.  After a full evidentiary certification hearing and three mediations, a partial settlement was reached as to Vortens™ model #3412 and #3464 toilet tanks manufactured between January 1, 2011 through December 31, 2011 to provide benefits to class members without geographic limitations (the "2011 Settlement Class"), and the Parties filed a Joint Motion for Preliminary Approval of same. [Cause No. 4:17-cv-00001; Dkt.191].[2]  Plaintiffs were thereafter ordered to "file an amended motion to certify class addressing only those claims not addressed" by the 2011 Class Settlement. [Cause No. 4:17-cv-00001; Dkt.193]. Plaintiffs filed their Second Motion for Class Certification on November 19, 2018 in the original action. [Cause No. 4:17-cv-00001; Dkt.194];

F.  On April 2, 2019, the Court ordered that the Clerk of Court sever the action into two separate suits – Cause No. 4:17-cv-00001 (seeking certification under the Second Motion for Class Certification) and this matter, Cause No. 4:19-cv-00248 (seeking Approval of the severed "2011 Settlement Class").  The Parties submitted a Joint Supplementation to the Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support [Dkt. 6] seeking approval of the 2011 Settlement as originally described in the mediated Term Memorandum between Named Plaintiffs and designated Class Representatives KEVIN REUSS and CHARLES AND MICHELLE HANDLY ON BEHALF OF THEMSELVES AND THE CERTIFIED TEXAS EQUITABLE SETTLEMENT CLASS, on the one hand, and PORCELANA CORONA DE MEXICO, S.A. DE C.V., F/K/A SANITARIOS LAMOSA S.A. DE C.V. A/K/A VORTENS, on the other, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure. [Dkt. 6-1];

---

[2]  The Joint Motion for Preliminary Approval of Class Action Settlement is docketed in this severed action [Cause No. 4:19-cv-000248] as Docket No. 3, pursuant to the April 2, 2019 Order granting severance and division of case designations.  [Cause No. 4:19-cv-000248, Dkt. 2]

3

G. A subsequent Supplementation to the Joint Motion for Preliminary Approval was filed on April 16, 2019, which included a Declaration in support of the proposed Notice Plan [Dkt. 7-1] and the formalized Proposed Settlement Agreement. [Dkt. 7-2];

H. A hearing was conducted on the Joint Motion for Preliminary Approval of the 2011 Settlement Class on April 16, 2019. The Hon. Magistrate Judge Kimberly Priest-Johnson issued a Report and Recommendation granting Preliminary Approval on April 23, 2019, which was Adopted by this Court on May 3, 2019. [Dkt. 13];

I. Pursuant to the Order granting Preliminary Approval of the Class Action Settlement, approving form and manner of notice and setting the Date for Hearing on Final Approval of Settlement, (the "Preliminary Approval Order"), and in accordance with the briefing deadlines subsequently ordered, Plaintiffs' filed their Motion for Service Awards, Attorney's Fee and Expense Reimbursement on June 17, 2019 [Dkt. 20] to which Defendant Responded on July 12, 2019 [Dkt. 23];[3]

J. On August 14, 2019, in accordance with the deadlines set in the Preliminary Approval Order, the Parties filed a Joint Motion for Final Approval of the 2011 Settlement. [Dkt. 32]. A hearing on the Joint Motion for Final Approval (the "Final Approval Hearing") was set to occur on August 29, 2019, to, among other things: (i) determine whether the proposed Settlement in the Action on the terms and conditions is fair, reasonable, and adequate and should be approved by the Court; (ii) determine whether the provisions of the Preliminary Approval Order as to notice were complied with; (iii) consider and rule on the Plaintiffs' Motion for Service Awards, Fee and Expense Reimbursements; and thereafter enter a Final Judgment in the Action;

---

[3] Subsequent briefing included Plaintiffs' Reply in Support of the Motion [Dkt. 25], Defendant's Sur-Reply in Support of its Objections [Dkt. 27], and final Supplementations [Dkt. 33, 34, 35].

4

K.      The Final Approval Settlement Hearing was duly held before this Court on August 29, 2019, at which time all interested Persons were afforded the opportunity to be heard. Plaintiffs' Motion for Service Awards, Attorney's Fee and Expense Reimbursement was also heard on August 29, 2019. The Court granted the requested Final Approval of the Settlement, including an award of service fees to Class Representatives KEVIN REUSS and CHARLES AND MICHELLE HANDLY on August 30, 2019. [Dkt. 41];

L.      On February 26, 2020, the Court conducted a telephonic conference on the status of Plaintiffs' pending Motion for Service Awards, Fee Application and Expense Reimbursement, an issue on which the Parties and Court agreed affected findings to be determined in Cause No. 4:17-cv-00001 as to the separate Motion for Service Awards, Fee Application and Expense Reimbursement filed subsequent to reaching a Settlement Agreement in the original action. The Court, therefore, instructed the Parties to submit consolidated briefing to be considered in this Action contemporaneously with the Fee Application in Cause No. 4:17-cv-00001, subject to an ordered briefing schedule;

M.      The briefing schedule as to the new and consolidated fee and expense applications was entered on March 2, 2020, and Plaintiffs' Motion for Service Awards, Fees and Expense Reimbursement previously filed in this Action [Dkt. 20] was denied as moot. [Dkt. 44]. Plaintiffs and Class Counsel thereafter filed their Consolidated Fee Application [Dkt. 46], along with supporting exhibits [Dkt. 46-1 through 46-17], on March 9, 2020, to which the Defendants responded on March 19, 2020. [Dkt. 48]; and

N.      After due deliberation of the arguments, authorities, and evidence presented by the Parties in the Consolidated Fee Application briefing, the Court will enter a separate Order

regarding the Consolidated Fee Application [Dkt. #46].

**NOW, THEREFORE, AFTER DUE DELIBERATION, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. This Final Order and Judgment incorporates and makes a part hereof: (i) the Settlement Term Memorandum [Dkt. 6-1], (ii) the 2011 Settlement Agreement [Dkt. 7-2]; and (iii) the Notice of Compliance Declaration, which was filed with the Court on August 14, 2019 [Dkt. 32-1].

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all 2011 Settlement Class Members providing benefits to Class Members without prescribed geographic limitations.

3. The Court hereby affirms its determinations in the Final Approval Order entered on August 30, 2019 [Dkt. 41].

4. The Third Amended Class Action Complaint [Dkt. 31] is DISMISSED IN ITS ENTIRETY, WITH PREJUDICE as of the Effective Date.[4]

5. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

6. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

7. The releases set forth in the Class Settlement Agreement, together with the definitions contained in the Agreement relating thereto, are expressly incorporated herein in all respects and are effective as of the Effective Date. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Class Settlement Agreement.

8. The administration of the Class Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in Settlement, shall remain under the authority of this Court.

---

[4] Plaintiffs filed a Motion for Leave to file amended pleadings, attaching their Third Amended Complaint and Class Action [Dkt. 31] on August 14, 2019 to address the state of the pleadings after severance. Defendant filed its Answer to the Third Amended Complaint on August 31, 2019. Plaintiffs' Motion for Leave to file the amended complaint was thereafter denied as moot.

9. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlements in this Action. The Parties are hereby directed to consummate the Settlements and to perform all terms.

10. Class Counsel's Consolidated Application for Attorneys' Fees and Reimbursement of Expenses [Dkt. #46] is under advisement, and an Order thereon will be separately entered.

There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

**SIGNED this 24th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE