# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARK AND AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, MATTHEW CARRERAS, CHARLES AND MICHELLE HANDLY, AARON AND STACEY STONE, and DANIEL AND SHARON SOUSA, on Behalf of Themselves and Those Similarly Situated<br><br>v.<br><br>PORCELANA CORONA DE MÉXICO, S.A. DE C.V f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a Vortens | § § § § § § § § § § § § § | Civil Action No. 4:19-CV-00248<br>Judge Mazzant |

*AND*

| | | |
|---|---|---|
| STEVEN AND JOANNA CONE, MARK AND AMBER FESSLER, ANDREW HOCKER, MATTHEW CARRERAS, CHARLES AND MICHELLE HANDLY, AARON AND STACEY STONE, and DANIEL AND SHARON SOUSA, on Behalf of Themselves and Those Similarly Situated<br><br>v.<br><br>PORCELANA CORONA DE MÉXICO, S.A. DE C.V f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a Vortens | § § § § § § § § § § § § § § | Civil Action No. 4:17-CV-00001<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a dispute between the parties regarding the proper interpretation of one subsection of the settlement agreements in these two cases. *See* Case No. 4:17-CV-00001, (Dkt. #286); 4:19-CV-00248, (Dkt. #58). This dispute is the product of Plaintiffs' Unopposed Motion to Amend Final Order and Judgment in order to incorporate the

Court's resolution of Class Counsel's Consolidated Fee Award Application into the final judgment. *See* Case No. 4:17-CV-00001, (Dkt. #283); 4:19-CV-00248, (Dkt. #54). The Court granted these unopposed motions and issued its Memorandum Opinion and Order awarding Class Counsel $4,333,949.50 in attorneys' fees and $371,354.98 in litigation expenses and costs for both cases on April 24, 2020. *See* Case No. 4:17-CV-00001, (Dkt. #285); 4:19-CV-00248, (Dkt. #56). But in conferring with Defendant to submit a joint Amended Final Order and Judgment in accordance with the Court's orders, see Case No. 4:17-CV-00001, (Dkt. #284); 4:19-CV-00248, (Dkt. #55), the parties failed to agree on how to interpret a provision in the settlement agreements. The Court conducted a telephonic hearing with the parties to discuss this issue on May 7, 2020.

The parties' proposed language, along with each party's objection to the other party's competing language, is reproduced below:

11.

### *PLAINTIFFS' REQUESTED LANGUAGE*

Class Counsel's Motion for Approval of Award of Attorneys' Fees and Request for Reimbursement of Litigation Expenses [Dkt. #275] was GRANTED in part and DENIED in part. [Dkt. 285]. Class Counsel is awarded $4,333,949.50 in attorneys' fees and $371,354.98 in litigation expenses and costs against the Defendant pursuant to Federal Rules of Civil Procedure 23(h) and 54.

Post judgment interest is payable on all of the above amounts allowable by law from the date this judgment is entered until the date this judgment is paid. There is no just reason for delay in the entry of this Amended Final Judgment and the Court orders execution to issue forthwith.

The Court denies all relief not granted in this Amended Final Judgment.

***Defendant's Response*: Plaintiffs' requested language is contrary to the plain language of the parties' settlement agreements. Plaintiffs expressly agreed, when they finalized the settlements for each settlement class, that payment of any Court- approved amount of attorney fees and costs would not be due until after the final resolution of all appeals concerning the application for fees and costs.**

*DEFENDANT'S REQUESTED LANGUAGE*

Class Counsel's Motions for Approval of Award of Attorneys' Fees and Request for Reimbursement of Litigation Expenses [Dkt. #275] was GRANTED in part and DENIED in part [Dkt. 285]. Class Counsel is awarded $4,333,949.50 in attorneys' fees and $371,354.98 in litigation expenses and costs pursuant to Federal Rules of Civil Procedure 23(h) and 54. Pursuant to the parties' Settlement Agreement, execution on this award shall not issue if the award is appealed. Rather, as agreed by the parties in Sec. VIII.C. of their Settlement Agreement, within five days of the final resolution of all appeals and/or objections to the Court's Memorandum Opinion and Order [Dkt. 285] regarding Class Counsel's Motion for Approval of Award of Attorneys' Fees and Request for Reimbursement of Litigation Expenses, Defendant shall pay any Court-approved amount of attorney fees and costs. This judgment shall bear interest, but in accordance with the terms of the court-approved settlement, the fee award judgment shall not bear interest until the date the award is due and payable under the terms of the settlement.

There is no just reason for delay in the entry of this Amended Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

*Plaintiffs' Response*: **Defendant's requested language is <u>not</u> the plain language of the Settlement Agreement. Defendant is requesting this Court: (1) remove the current terms referencing the fee application process; (2) replace the current language to now read "appeals to the Court's Memorandum Opinion and Order;" (3) extend the new language to include appeals to the Amended Final Judgment; (4) add additional language that execution cannot issue if Defendant chooses to appeal; and (5) engraft a waiver of Plaintiffs' rights under the Federal Rules of Civil Procedure and Appellate Procedure to protect the Judgment during the pendency of appeal.**

**Plaintiffs and Class Counsel did <u>not</u> expressly (or otherwise) agree to the language or the interpretation proposed by Defendant. The Settlement Agreement does not waive rights of execution or interest under the Judgment absent appropriate supersedeas protections or security.**

*See* Case No. 4:17-CV-00001, (Dkt. #286) (footnotes omitted); 4:19-CV-00248, (Dkt. #58) (footnotes omitted).

Section VIII, subsection C of both settlement agreements read as follows:

C. Within five days of 1) the Effective Date or 2) the final resolution of all appeals and/or objections to Class Counsel's Fee Application, whichever is later, Defendant shall pay any Court-approved amount of attorney fees and costs in the form of one or more checks or wire transfers delivered into trust accounts to be identified by Class Counsel. Class Counsel shall provide to Defendant's counsel in a timely manner all wiring and account information

3

necessary to enable Porcelana to make such deposits within the time required.

*See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4).

## ANALYSIS

The two disputes before the Court here are: (1) whether Section VIII, subsection C of the settlement agreements extends to an appeal of this Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application; and (2) if the answer to the first question is "yes," whether postjudgment interest does not begin to accrue until the date the award is due under the terms of the settlement.[1]

The Court concludes that: (1) Section VIII, subsection C of the settlement agreements extends to an appeal of this Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application; and (2) postjudgment interest accrues from the date of the entry of judgment.

### I. Section VIII, Subsection C Covers Appeals of This Court's Memorandum Opinion and Order

Under Texas law,[2] "[t]he goal of contract interpretation is to ascertain the parties' true intent as expressed by the plain language they used." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017) (citations omitted). "A contract's plain language controls, not 'what one side or the other alleges they intended to say but did not.'" *Id.* (quoting *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 127 (Tex. 2010)). And terms are assigned

---

[1] Although raised by Plaintiffs in their response to Defendant's proposed language, the issue of a supersedeas bond is not currently before the Court.

[2] As established by both settlement agreements, Texas substantive law governs except for the Court's determination of a reasonable award of attorney fees as costs, which was governed by federal law. *See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4).

4

"their ordinary and generally accepted meaning unless the contract directs otherwise." *Id.* (citations omitted).

Plaintiffs argued during the May 7 hearing that Section VIII, subsection C refers only to objections or appeals to Class Counsel's Fee Application to the extent that Magistrate Judge Johnson—who handled these cases up until final settlement approval—had drafted a Report and Recommendation regarding Class Counsel's Fee Application. Ultimately, this Court decided Class Counsel's Fee Application in a Memorandum Opinion and Order, but Plaintiffs contend that it was not the parties' intent that "appeals" in Section VIII, subsection C referred to any appeal of this Court's Memorandum Opinion and Order.

Defendant disagrees. As expressed to the Court during the May 7 hearing, Defendant believed at all times that the plain language of the provision—"the final resolution of all appeals and/or objections"—covered appeals of the Court's Memorandum Opinion and Order. The Court agrees with Defendant that the plain language covers appeals of this Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application.[3]

Section VIII, subsection C of the settlement agreements contemplates that "[w]ithin five days of 1) the Effective Date or 2) the *final resolution of all appeals* and/or objections to Class Counsel's Fee Application, whichever is later, Defendant shall pay any Court-approved amount of attorney fees . . . ." *See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4) (emphasis added); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4) (emphasis added). The language "final resolution of all appeals and/or objections" plainly contemplates an appeal to the Fifth Circuit Court of Appeals,

---

[3] The Court believes Plaintiffs' representation that Plaintiffs' intent was for this provision to only cover objections to Class Counsel's Fee Application to the extent that Magistrate Judge Johnson drafted a Report and Recommendation on the issue. But the Court's hands are bound by the plain language of the contract: "The fact that the parties may disagree about the policy's meaning does not create an ambiguity." *Id.* (quoting *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010)). And because the language here "lends itself to a clear and definite legal meaning, the contract is not ambiguous," and the plain language—not one party's sincere but unilateral intent—controls. *See id.*

*along with* any objection to a magistrate judge's report and recommendation—it does not encompass objections to a report and recommendation to the *exclusion* of any appellate-court proceedings as Plaintiffs argue.

Plaintiffs' argument is also belied by the other provisions of the settlement. *See, e.g.*, *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995) (explaining that courts must "read all parts of a contract together."). Subsection E—which also appears in section VIII—explicitly contemplates that the Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application might be challenged on appeal:

> E.   . . . The Court's or an appellate court's failure to approve, in whole or in part, any award of attorney fees and costs to Class Counsel, or any Service Award, shall not affect the validity or finality of the Settlement, nor shall such non-approval be grounds for rescission of the Agreement, as such matters are not the subject of any agreement among the Parties other than as set forth above.

*See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4). Indeed, subsection E discusses the effect of "[this] Court *or an appellate court's* failure to approve, in whole or in part, *any award of attorney fees* and costs to Class Counsel" on the finality and validity of the settlements. *See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4) (emphasis added); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4) (emphasis added).

Additionally, on the first page of the settlement agreement, numeral 5 reflects Class Counsel's position that the settlement—"taking into account the risks and costs of continued litigation, and the length of time that would be required to complete the litigation *and any appeals*"—is in the best interest of the class. *See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4) (emphasis added); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4) (emphasis added). This evinces that throughout the settlement, the parties understood the term "appeal" to have its plain

meaning. So, reading the agreement as a whole, the Court concludes that the term "appeals" in Section VIII, subsection C refers to appellate-court proceedings.

Plaintiffs—pointing to the settlement's definition of the term "Effective Date"—argued at the May 7 hearing that the term "appeal" cannot refer to an appeal of the Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application. Under the settlement, "Effective Date" means:

> R. "Effective Date" means the first date that is three business days after all of the following have occurred: (i) the Court has entered an order granting final approval of the Settlement Agreement in accordance with the terms of this Agreement; (ii) the time for any challenge to the Settlement, both in the Court and on appeal, has elapsed; and (iii) the Settlement has become final, either because no timely challenge was made to it or because any timely challenge has been finally adjudicated and rejected. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns solely the issue of Class Counsel's Attorney Fees and Expenses or the Service Awards to the Class Representatives.

*See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4). Pointing to the last sentence of this defined term, Plaintiffs asserted that the parties carved out an appeal of the Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application from Section VIII, subsection C. Plaintiffs' reading is unpersuasive.

The sentence Plaintiffs look to for support within the defined term "Effective Date" states that: "For purposes of *this paragraph*, an 'appeal' shall not include any appeal that concerns solely the issue of Class Counsel's Attorney Fees and Expenses or the Service Awards to the Class Representatives." *See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4) (emphasis added); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4) (emphasis added). All this sentence does is ensure that when "Effective Date" is used throughout the agreements,[4] any appeal of "Class Counsel's Attorney Fees and Expenses or the Service Awards to the Class Representatives" is not considered

---

[4] By the Court's count, "Effective Date" is used four times.

in calculating the Effective Date. And Section VIII, subsection C contemplates that Defendant shall pay "[w]ithin five days of 1) the Effective Date *or* 2) the final resolution of all appeals and/or objections to Class Counsel's Fee Application, *whichever is later* . . . ." *See* Case No. 4:17-CV-00001, (Dkt. #275, Exhibits 3 & 4) (emphasis added); 4:19-CV-00248, (Dkt. #46, Exhibits 3 & 4) (emphasis added). The fact that the term "Effective Date" includes a specific carveout for an appeal of Class Counsel's fee award does not alter the meaning of Section VIII, subsection C.[5]

To adopt Plaintiffs' interpretation would require the Court to turn a blind eye to the plain text of the agreements and either: (1) read out "the final resolution of all appeals" from Section VIII, subsection C; or (2) treat the term "appeals" as surplusage. Either option is impermissible. *See Quicksilver Res., Inc. v. Reliant Energy Servs., Inc.*, 2-02-249-CV, 2003 WL 22211521, at *2 (Tex. App.—Fort Worth Sept. 25, 2003, no pet.) (citations omitted) ("every clause in a contract should be construed so that every word is given meaning."). Defendant's interpretation that Section VIII, subsection C applies to appeals of this Court's Memorandum Opinion and Order regarding Class Counsel's fee award is the correct interpretation.

## II. Postjudgment Interest Accrues from the Date of the Entry of Judgment

But Defendant's assertion that under the settlement agreements, "the fee award judgment shall not bear interest until the date the award is due and payable under the terms of the settlement" is erroneous. *See* Case No. 4:17-CV-00001, (Dkt. #286); 4:19-CV-00248, (Dkt. #58).

"In diversity cases, federal law controls the award of postjudgment interest, including decisions about when postjudgment interest begins to accrue." *Art Midwest, Inc. v. Clapper*, 805 F.3d 611, 615 (5th Cir. 2015) (citing *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d

---

[5] If anything, this supports that the parties contemplated an appeal of the Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application and drafted Section VIII, subsection C broadly with that possibility in mind.

613, 622–24 (5th Cir. 1988)).[6]  And federal law provides that "postjudgment interest 'shall be calculated from the date of the entry of the judgment.'"  *Id.* (quoting 28 U.S.C. § 1961(a)).  Defendant points to nothing in Section VIII, subsection C—or anything else in the settlement agreements—that alters the statutory rule.  Accordingly, postjudgment interest shall accrue from the date of the entry of the judgment.

## CONCLUSION

Accordingly, the parties are **ORDERED** to submit an Amended Final Judgment consistent with the above order for the Court to enter within **five (5) days**.

It is further **ORDERED** that should the parties have remaining disputes related to the Amended Final Judgment, the parties shall call the Court to schedule a telephone conference before filing an Amended Final Judgment with contested provisions.

**SIGNED this 11th day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[6] Postjudgment interest is "procedural because it confers no right in and of itself."  *Nissho–Iwai Co.*, 848 F.2d at 623.