# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARK AND AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, MATTHEW CARRERAS, CHARLES AND MICHELLE HANDLY, AARON AND STACEY STONE, and DANIEL AND SHARON SOUSA, on Behalf of Themselves and Those Similarly Situated<br><br>v.<br><br>PORCELANA CORONA DE MÉXICO, S.A. DE C.V f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a Vortens | § § § § § § § § § § § § § § | Civil Action No. 4:19-cv-00248<br>Judge Mazzant |

*AND*

| | | |
|---|---|---|
| STEVEN AND JOANNA CONE, MARK AND AMBER FESSLER, ANDREW HOCKER, MATTHEW CARRERAS, CHARLES AND MICHELLE HANDLY, AARON AND STACEY STONE, and DANIEL AND SHARON SOUSA, on Behalf of Themselves and Those Similarly Situated<br><br>v.<br><br>PORCELANA CORONA DE MÉXICO, S.A. DE C.V f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a Vortens | § § § § § § § § § § § § § § | Civil Action No. 4:17-CV-00001<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Require Security (Dkt. #64; Dkt. #292).[1]

Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

---

[1] Two identical motions, responses, replies, and sur-replies were filed in the above-captioned cases. Throughout this Order, the Court will usually only cite to one of these filings, and unless otherwise noted, citations to the Motion

1

**BACKGROUND**

This motion is the latest dispute concerning two settlement agreements[2] between Plaintiffs and Defendant.  On March 23, 2020, the parties submitted a joint proposal for a Final Order and Judgment in this case.  The Court issued a Final Order and Judgment that dismissed all claims in the Second Amended Complaint.  *See* Case No. 4:17-CV-00001 (Dkt. #281); Case No. 4:19-CV-00248 (Dkt. #52).  After the Court entered final judgment as requested by the parties, Plaintiffs filed their Unopposed Motion to Amend Final Order and Judgment on April 21, 2020.  *See* Case No. 4:17-CV-00001 (Dkt. #283); Case No. 4:19-CV-00248 (Dkt. #54).  Plaintiffs requested in their motion that the Court memorialize "its findings and ultimate ruling as to the pending Consolidated Fee Application" in an amended final judgment.  *See* Case No. 4:17-CV-00001 (Dkt. #283); Case No. 4:19-CV-00248 (Dkt. #54).

The Court granted Plaintiffs' motion on April 24, 2020, and it ordered the parties to submit a proposed amended final order and judgment within ten days of the Court's order on Class Counsel's Consolidated Application for Attorneys' Fees and Reimbursement of Expenses.  *See* Case No. 4:17-CV-00001 (Dkt. #284); Case No. 4:19-CV-00248 (Dkt. #55).  On the same day, the Court issued a Memorandum Opinion and Order that awarded Class Counsel $4,333,949.50 in attorneys' fees and $371,354.98 in litigation expenses and costs.  *Fessler v. Porcelana Corona de Mexico, S.A. de C.V.*, No. 4:17-CV-00001, 2020 WL 1974246, at *1 (E.D. Tex. Apr. 24, 2020).

---

(Dkt. #64); the response (Dkt. #70); the reply (Dkt. #73); or the sur-reply (Dkt. #76) can be found on the docket of Case No. 4:19-CV-00248, while any citations to Dkt. #292; Dkt. #310; Dkt. #313; or Dkt. #315—which are the identical filings, respectively—are located on the docket of Case No. 4:17-CV-00001.

[2] While there are two settlement agreements, the relevant provisions are identical.

But in attempting to comply with the Court's order and submit a proposed amended final judgment within ten days, the parties hit a snag: they could not agree on how to interpret a provision in their settlement agreements. Specifically, the parties disagreed on:

> (1) whether Section VIII, subsection C of the settlement agreements extends to an appeal of this Court's Memorandum Opinion and Order on the issue of Class Counsel's Fee Application; and (2) if the answer to the first question is "yes," whether postjudgment interest does not begin to accrue until the date the award is due under the terms of the settlement.

*Fessler v. Porcelana Corona De Mexico, S.A. De C.V.*, No. 4:17-CV-00001, 2020 WL 2319989, at *2 (E.D. Tex. May 11, 2020). The Court issued a Memorandum Opinion and Order to address the dispute on May 11, 2020. *Id.* The Court held that the plain language of the settlement agreement supported the interpretation that: (1) Section VIII, subsection C extended to an appeal of the Court's Order on the issue of Class Counsel's Fee Application; and (2) postjudgment interest accrues from the date of the entry of the judgment. *Id.* Perhaps anticipating the current dispute, Plaintiffs mentioned the issue of a supersedeas bond but did not fully brief the issue. So, the Court declined to answer the question at that time. *Id.* at *2 n.1.

After the Court's interpretation of the settlement agreements, the parties submitted the Amended Final Judgment and Order on May 13, 2020. *See* Case No. 4:17-CV-00001 (Dkt. #289); Case No. 4:19-CV-00248 (Dkt. #60). Defendant is currently appealing the Court's Award for Attorneys' Fees and the Court's Amended Final Order and Judgment to the United States Court of Appeals for the Fifth Circuit. *See* Case No. 4:17-CV-00001 (Dkt. #290); Case No. 4:19-CV-00248 (Dkt. #62).

Plaintiffs filed their Motion to Require Security on May 18, 2020 (Dkt. #292). Defendant responded on June 1, 2020 (Dkt. #310). Plaintiffs replied on June 5, 2020 (Dkt. #313); Defendant filed its sur-reply on June 12, 2020 (Dkt. #315).

**LEGAL STANDARD**

Under Rule 69 of the Federal Rules of Civil Procedure, a judgment's execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1). Rule 62 of the Federal Rules governs the stay of proceedings in enforcing a judgment. *See* FED. R. CIV. P. 62. Relevant here, Rule 62(a) provides: "Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." FED. R. CIV. P. 62(a). But a party may choose to obtain a stay on the judgment's execution at any time by providing a bond or other security, triggering Rule 62(b). *See* FED. R. CIV. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.") The Eastern District of Texas's Local Rules provide guidance on the presumptive bond amount:

> Unless otherwise ordered by the presiding judge, a bond or other security staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs. The parties may waive the requirement of a bond or other security by stipulation.

LOCAL RULE CV-62(a).

**ANALYSIS**

Plaintiffs ask the Court to dissolve Rule 62(a)'s automatic stay or mandate that Defendant post a supersedeas bond (Dkt. #292 at p. 2). "One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated." FED. R. CIV. P. 62(a) advisory committee's note to 2018 amendment. Plaintiffs argue that the Court should require Defendant to post a supersedeas bond in order to protect the final judgment since Plaintiffs claim there is "a

4

substantial risk of [Defendant] essentially rendering the Final Judgment a nullity . . ." (Dkt. #292 at p. 3).

Supersedeas bonds are governed by Rule 62(b). *See* FED. R. CIV. P. 62(b).[3] The bonds generally allow a party to stay a judgment's execution in exchange for providing security. *See Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463–64 (5th Cir. 1990); *see also* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2905 (3d ed. 2020). The Fifth Circuit has acknowledged the general rule that supersedeas bonds "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). Indeed, "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)).

Plaintiffs contend that a supersedeas bond is appropriate in order to protect their rights while Defendant's appeal is pending (Dkt. #292 at p. 5). Defendant disagrees and believes Plaintiffs' request for a Rule 62(b) bond is premature (Dkt. #310 at p. 2). Specifically, Defendant argues that a supersedeas bond is unnecessary because the parties' settlement agreements—and the Court's Amended Final Order and Judgment—provided that "Defendant shall pay any Court-approved amount of attorney fees and costs within five days of the final resolution of all appeals and/or objections to this Amended Final Judgment." Defendant notes it is currently appealing the

---

[3] Supersedeas bonds were formerly enumerated in the Federal Rules under Rule 62(d). FED. R. CIV. P. 62(b) advisory committee's notes to 2018 amendment. The Federal Rules were amended in 2018, moving that provision to Rule 62(b) and clarifying that a court may grant a stay if a party posts another form of security besides a supersedeas bond. *See id.* ("The new rule's text makes explicit the opportunity to post security in a form other than a bond.").

The 2018 amendment also changed the text to allow "a party" to obtain a stay—not just an appellant. *Id.* ("[A] party may wish to secure a stay pending disposition of post-judgment proceedings after expiration of the automatic stay, not yet knowing whether it will want to appeal.").

Court's Amended Final Judgment to the Fifth Circuit. Thus, Defendant argues that it is not required to post a supersedeas bond because Defendant: (1) never filed a motion to stay the judgment; and (2) a stay is effectively already in place due to the Court's interpretation of the parties' settlement agreements and Defendant's pending appeal (Dkt. #310 at pp. 4–5). Given that Plaintiffs identify no on-point authority supporting their argument, the Court has no choice but to agree with Defendant.

Plaintiffs cite no federal cases holding that a court may require a party to post a supersedeas bond where that party has never requested a stay on a judgment's execution. In fact, federal courts appear to hold the exact opposite. *See In re Navistar Diesel Engine Prod. Liab. Litig.*, No. 11 C 2496, 2013 WL 4052673, at *3 (N.D. Ill. Aug. 12, 2013) ("By its terms, this rule applies only when [a party] asks the court to impose a stay. . . . The objectors have not sought a stay. Rather, the execution of the settlement is on hold pursuant to a term in the parties' settlement agreement."); *Af-Cap, Inc. v. Republic of Congo*, No. A-01-CA-321-SS, 2005 WL 8155158, at *1 (W.D. Tex. Oct. 17, 2005) ("Furthermore, [the plaintiff] fails to cite any case law for the proposition that a district court may order the posting of a supersedeas bond where no motion for stay has been filed."); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, No. CIV.A. 99-20593, 2000 WL 1665134, at *3 (E.D. Pa. Nov. 6, 2000) ("Class Counsel cites no case actually holding that a supersedeas bond can be imposed in the absence of a motion for a stay."); *U.S. for Use of Terry Inv. Co. v. United Funding & Inv'rs, Inc.*, 800 F. Supp. 879, 881 (E.D. Cal. 1992) ("Here, appellant has not moved for a stay under Rule 62([b]) . . . . Rule 62([b]) nowhere expressly provides that the district court may, of its own accord or on motion from appellee, order appellant to post a supersedeas bond."); *Sheet Metal Workers' Nat. Pension Fund v. Metals & Machining Fabricators, Inc.*, 637 F. Supp. 50, 51 (D.D.C. 1986) ("Plaintiffs have failed to cite a

single federal case, and the Court has discovered none, where a losing defendant did not request a stay pending appeal but was ordered nonetheless to post a supersedeas bond."). The uniform federal authority suggests the Court cannot grant a supersedeas bond without a party first filing a motion to stay. Plaintiffs do not provide a way around this overwhelming authority.

Here, the judgment's execution is on hold until five days after the resolution of all appeals because the parties freely agreed to delay the judgment's execution. *See Fessler*, 2020 WL 2319989, at *3 ("Section VIII, subsection C of the settlement agreements contemplates that '[w]ithin five days of 1) the Effective Date or 2) the final resolution of all appeals and/or objections to Class Counsel's Fee Application, whichever is later, Defendant shall pay any Court-approved amount of attorney fees. . . .'") (alteration in original). No motion to stay has been filed because the parties themselves effectively put one in place. *C.f. In re Navistar Diesel*, 2013 WL 4052673, at *3 ("The objectors have not sought a stay. Rather, the execution of the settlement is on hold pursuant to a term in the parties' settlement agreement."). In short, Plaintiffs' motion for a supersedeas bond lacks the necessary predicate: a party obtaining a stay from the Court on a judgment that could otherwise be executed. The Court cannot require Defendant to post a supersedeas bond on the ground Plaintiffs urge here.[4]

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Require Security (Dkt. #64; Dkt. #292) is hereby **DENIED**.

---

[4] Plaintiffs could have avoided this consequence. Plaintiffs could have contracted for a requirement that Defendant provide security prior to appealing. Or Plaintiffs could have contracted for the judgment to be immediately executable. But that language is nowhere in the settlement agreements. *C.f. In re Navistar Diesel*, 2013 WL 4052673, at *3 n.1 ("There was nothing to prevent the parties from entering into a settlement that would have not required a stay in the event of an appeal. This would have left it to any [party] to ask for a stay if it wanted one, which in turn would have triggered the requirement for a supersedeas bond under Rule 62([b]).").

**SIGNED this 29th day of June, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE