# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARK FESSLER, AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, MATTHEW CARRERAS, CHARLES HANDLY, MICHELLE HANDLY, AARON STONE, STACEY STONE, DANIEL SOUSA, and SHARON SOUSA, on Behalf of Themselves and Those Similarly Situated, <br> *Plaintiffs*, <br><br> STEVEN CONE, JOANNA CONE, MARK FESSLER, AMBER FESSLER, ANDREW HOCKER, and MATTHEW CARRERAS, on Behalf of Themselves and Those Similarly Situated; and AARON STONE, STACEY STONE, DANIEL SOUSA, and SHARON SOUSA, <br> *Plaintiffs*, <br><br> v. <br><br> PORCELANA CORONA DE MÉXICO, S.A. DE C.V. f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a VORTENS, <br> *Defendant*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:19-CV-248 <br> Judge Mazzant <br><br><br><br><br><br><br><br> Civil Action No. 4:17-CV-001 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motions to Enforce the Settlement Agreement on Litigation Expenses (Dkt. #85; Dkt. #328).[1] Having considered the motions and the relevant pleadings, the Court finds that the motions should be **GRANTED**.

---

[1] Because this is a consolidated fee-award action, two identical motions, responses, replies, and sur-replies were filed in the above-captioned cases. Throughout this Order, the Court cites to one of these filings, and unless otherwise noted, citations to the Motion (Dkt. #85) or the response (Dkt. #87) can be found on the docket of Case No. 4:19-CV-248, while any citations to Dkt. #328 or Dkt. #329—which are identical filings, respectively—are located on the docket of Case No. 4:17-CV-001. Further, in referencing one docket, the Court is, by implication, referencing the other.

**BACKGROUND**

On May 13, 2020, the undersigned Court issued its Amended Final Judgment in this case (Dkt. #61). The Final Judgment awarded Plaintiffs $4,333,949.50 in attorneys' fees and $371,354.98 in litigation expenses and costs. On May 15, 2020, Defendant appealed the Final Judgment to the Court of Appeals for the Fifth Circuit, presenting a single issue for review: "Did the district court err in ordering Appellant to pay Plaintiffs' counsel approximately $4.3 million in attorney's fees?" (Case No. 20-40357, ECF Doc. 50 at p. 13).

On January 10, 2022, in a two-to-one decision, the Fifth Circuit vacated and remanded the Final Judgment. The Fifth Circuit found two errors in this Court's attorneys' fees award: (1) "fail[ing] to make any factual findings regarding the nature of the Class's unsuccessful claims," and (2) "fail[ing] to properly analyze the award in relation to the results obtained." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 417, 418 (5th Cir. 2022). As to the first error, the Fifth Circuit instructed this Court on remand to "address the 'common core of facts' and 'common legal theories' sufficiently so that no fees are awarded on unsuccessful theories." *Id.* at 418. To the second error, the Fifth Circuit instructed this Court to "consider the amount of damages and non-monetary relief sought compared to what was actually received by the Class." *Id.* On February 24, 2022, the Fifth Circuit issued its mandate, directing this Court to conduct further proceedings consistent with its appellate opinion (Dkt. #83 at p. 5).

On March 15, 2022, Plaintiffs filed the present motions, requesting the Court enforce the portion of the Final Judgment awarding $371,354.98 in litigation expenses because it was "neither addressed nor discussed in the appellate opinion" (Dkt. #84 at ¶ 10). On March 24, 2022, the Court held a status conference in which the Court heard argument on the present motions. On March 28, 2022, Defendant filed its response, claiming that the Fifth Circuit vacated the entire Final

Judgment—thus vacating both the award of attorneys' fees and the award of litigation expenses—and any attempt to enforce the award of litigation expenses would be in violation of the Fifth Circuit's mandate (Dkt. #87). On March 31, 2022, Plaintiffs filed a statement detailing their position on remand (Dkt. #88). On April 4, 2022, Plaintiffs filed a reply brief in support of the present motions (Dkt. #89).

## LEGAL STANDARD

The mandate rule, which is a corollary of the law-of-the-case doctrine, "prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (per curiam). The rule includes issues expressly decided, as well as those impliedly decided. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (internal quotations omitted). Even so, "a mandate is controlling only as to matters within its compass." *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019). In determining the scope of the mandate, a district court "must proceed within the letter and spirit of the mandate by taking into account the appeals court's opinion and the circumstances it embraces." *Pineiro*, 470 F.3d at 205.

"Additionally, pursuant to the 'waiver approach' to the mandate rule," *United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006), "[a]ll other issues not arising out of [the appeals court's] ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." *Pineiro*, 470 F.3d at 205; *see also United State v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (finding the mandate rule "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived").

## ANALYSIS

This Court's Final Judgment awarded to Plaintiffs: (1) $4,333,949.50 in attorneys' fees,

3

and (2) $371,354.98 in litigation costs and expenses (Dkt. #56 at pp. 25–26; Dkt. #61 at pp. 5–6). Having appealed and obtained a favorable reversal on the issue of attorneys' fees, Defendant now argues that it is entitled to a second bite of the apple on the issue of litigation expenses as well. But Fifth Circuit precedent is clear: "[I]f an issue was decided by the district court but was not appealed, the issue is forfeited, and the district court may not consider the issue on remand." *Med. Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 n.5 (5th Cir. 2011).

Plaintiffs first argue that neither party appealed nor raised the issue of litigation expenses on appeal. In response, Defendant claims that it "appealed this Court's entire ruling on fees and costs, and this Court's entire [Final] Judgment" (Dkt. #87 at p. 5). The Court agrees with Plaintiffs. Defendant appealed the Final Judgment, requesting a determination from the Fifth Circuit on a single issue—whether this Court's award of $4.3 million in attorneys' fees was error (Case No. 20-40357, ECF Doc. 50 at p. 13). On appeal, the Fifth Circuit "vacated and remanded [this Court's judgment] for further proceedings in accordance with this opinion." *Fessler*, 23 F.4th at 420. Specifically, the Fifth Circuit directed this Court to recalculate its award of attorneys' fees and to recite in its findings the relevant lodestar factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* at 417, 418.

Based on the question Defendant presented and the complete absence of any argument on litigation expenses in Defendant's appellate brief (*see* Case No. 20-40357, ECF Doc. 50), the Fifth Circuit's opinion, unsurprisingly, contains no analysis on the litigation expenses award. While Defendant now argues that its brief requested vacatur of the entire judgment, its brief actually contained only a passing request in the prayer that the Fifth Circuit "vacate and remand" (Case No. 20-40357, ECF Doc. 50 at p. 74). However, a generic request in an appellate brief does not mean an issue becomes a part of the appeal or is within the scope of the appeal. *See* FED. R. APP.

4

P. 28; *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926–27 (5th Cir. 2008) (simply mentioning a claim is not sufficient argument or briefing); *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) ("A party waives an issue if he fails to adequately brief it" on appeal).

In fact, the entirety of Defendant's appellate brief focuses only on the award for attorneys' fees—not the award for litigation expenses. For example, Defendant's "Summary of the Argument" in its appellate brief states, "Plaintiffs' attorneys deserve to recover fees, but the existing award of more than $4.3 million far overshoots the mark. The court should vacate the award and remand for further proceedings" (Case No. 20-40357, ECF Doc. 50 at p. 73). Defendant's reply brief similarly argues that "de novo review should lead straight to reversal vacating the Fee Award" (Case No. 20-40357, ECF Doc. 59 at p. 10). Thus, contrary to what Defendant now asserts, the sole issue Defendant raised in its brief for the Fifth Circuit to resolve is clear: whether "The 4.3 Million Fee Award Should Be Vacated" (Case No. 20-40357, ECF Doc. 50 at p. 53). Thus, the Court finds that Defendant did not appeal or raise the issue of litigation expenses.

Plaintiffs next contend that because the Fifth Circuit vacated and reversed only the attorneys' fees award, the award for litigation expenses was not reversed either expressly or by implication. In response, Defendant boldly asserts that to enforce the award of litigation expenses would "defy the mandate, re-examine an issue decided by the Fifth Circuit's explicit directive, and do something else besides effect the mandate . . . [which] would lead this Court into further legal error" (Dkt. #87 at p. 3). Defendant also argues that the Fifth Circuit's "explicit judgment unambiguously precludes" the enforcement of litigation costs decided prior to appeal (Dkt. #87 at p. 2). The Court finds Defendant's argument unavailing.

Defendant is correct that the mandate rule requires the Court "'on remand to effect' the

Fifth Circuit's 'mandate and to do nothing else'" (Dkt. #87 at p. 3). *See All. For Good Gov't v. Coal for Better Gov't*, 998 F.3d 661, 667 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 45 (2021), (holding that on remand, a district court "may not disregard [the appellate court's] explicit directive"). However, the mandate here contains no explicit directive on the issue of litigation costs. Where no explicit directive is contained in the mandate, the mandate rule "is [ ] applicable only to those issues decided by necessary implication." *Berezowsky v. Rendon Ojeda*, 652 Fed. App'x 249, 252 n.19 (5th Cir. 2016). And as a general rule, "only those discrete, particular issues identified by the appeals court for remand are properly before the district court." *Bourne v. Gunnels*, No. 19-20815, 2022 WL 963979, at *3 (5th Cir. Mar. 30, 2022).

The issue of litigation costs was not identified anywhere in the Fifth Circuit's opinion, nor does the Fifth Circuit's mandate necessarily implicate the issue of litigation costs. *Cf. Leroy v. City of Houston*, 906 F.2d 1068, 1077 (5th Cir. 1990) (holding vacatur of a portion of a district court's final judgment necessarily vacated the entire judgment where the mandate explicitly directed the district court to enter judgment in a specific amount upon remand); *see also Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 954 (Fed. Cir. 1997) (in discussing *Leroy*, finding that where the mandate does not contain a specific dollar amount, "[t]he reasoning in *Leroy* is entirely inapplicable"). To the contrary, the mandate states that this Court must conduct "further proceedings in accordance with this opinion" (Dkt. #83 at p.5), and the opinion discusses only the issue of the attorneys' fees award.

Further, while Defendant argues that "the analysis required for [attorneys'] fees applies, at least in some measure, to the assessment of expenses" (Dkt. #87 at p. 4), the Final Judgment supports a different conclusion. In awarding litigation expenses, this Court analyzed whether Plaintiffs' expenses were reasonable and necessary for successful prosecution of this case (*see*

6

Dkt. #56 at pp. 24–25). The Court's award for litigation expenses excluded expenses attributed to unsuccessful claims. This analysis was conducted separately and on independent grounds from the award of attorneys' fees. Thus, the Court disagrees with Defendant that the award of litigation expenses was vacated by necessary implication through the Fifth's Circuit mandate. *See generally Deutsch v. Jesus Becerra, Inc.*, 717 Fed. App'x 390, 393–394 (5th Cir. 2007) (assessing error in district court's calculation of attorneys' fees separately from error in calculating award of costs).

In sum, the issue of litigation expenses was neither expressly mentioned in the Fifth's Circuit's mandate, nor included by implication. Therefore, "taking into account the appeals court's opinion and the circumstances it embraces," the litigation expenses award was not within the Fifth Circuit's mandate. *See Pineiro*, 470 F.3d at 205.

Accordingly, the Court may enforce the award of litigation expenses. The Court may not, however, reconsider or redetermine the amount of the award as the waiver doctrine precludes reconsideration of matters finally decided and not raised on appeal. Under the waiver doctrine, "an issue that could have been but was not raised on appeal is forfeited and may *not* be revisited by the district court on remand." *Med. Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (emphasis in original) (citing *United States v. Castillo*, 179 F.3d 321, 326 (5th Cir. 1999), *rev'd on other grounds*, 530 U.S. 120 (2000)). The waiver doctrine "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Id.* "The waiver doctrine differs from the law of the case doctrine in that it arises as a consequence of a party's inaction, not as a consequence of a decision" by an appellate court. *Castillo*, 179 F.3d at 326.

Defendant attempts to push the blame onto Plaintiffs, stating that "it was incumbent on Plaintiffs' counsel to petition for rehearing on" the issue of litigation expenses (Dkt. #87 at p. 2).

7

But Defendant was the party that appealed this Court's Final Judgment. Defendant was responsible for deciding which issues to appeal—thereby ultimately defining the scope of the appeal. Defendant had both the right and opportunity to contest litigation costs and expenses before the Fifth Circuit. Defendant chose not to. Because "[i]t has long been the rule in this [C]ircuit that any issues not briefed on appeal are waived." *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000), it is Defendant who must bear the consequences.

The Court, therefore, will not reconsider the award of litigation expenses, and will enforce the award as rendered by the Amended Final Judgment, and as consistent with the Fifth Circuit's mandate and the parties' settlement agreement.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motions to Enforce the Settlement Agreement on Litigation Expenses (Dkt. #85 in Case No. 4:19-CV-248; Dkt. #328 in Case No. 4:17-CV-001) are hereby **GRANTED**.

It is further **ORDERED** that Defendant shall pay Plaintiffs' litigation costs and expenses in the amount of $371,354.98, plus appropriate interest from the date of the Amended Final Judgment (Dkt. #61) until date of payment.

**IT IS SO ORDERED.**
**SIGNED this 8th day of April, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE